UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER HANSEN,

      Plaintiff,

v.                                      CASE No. 8:06-CV-1778-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

      Defendant.

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence, the decision will be affirmed.

I.

The plaintiff, who was forty-seven years old at the time of the administrative hearing and who has the equivalent of a high school education,

---

[1]Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted as the defendant in this suit.

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

has worked primarily as an aluminum room installer and general manager for an aluminum contractor (Tr. 93). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to inflammatory arthritis, and herniated disc in the lumbar spine (Tr. 62). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of arthritis, compression fractures and a disc herniation of the thoracic spine, anxiety, and a polysubstance abuse disorder (Tr. 22). The law judge concluded that these impairments limited the plaintiff as follows (Tr. 23):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to occasionally lift and carry up to ten pounds. He can sit up to six hours and stand or walk up to two hours in an eight hour day. He requires a sit/stand option. He is further limited to simple, repetitive work activity.

The law judge determined that these restrictions prevented the plaintiff from performing past work (Tr. 25). However, based upon the testimony of a

vocational expert, the law judge found that jobs exist in the national economy in significant numbers that the plaintiff could perform, such as a medical supply assembler, a scale attendant, and a surveillance system monitor (Tr. 26). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The law judge found that the plaintiff had severe physical impairments that restricted him to a limited range of sedentary work. As the Commissioner points out, however, the plaintiff in his challenge to the law judge's decision does not base any argument upon his physical impairments.

Rather, the plaintiff predicates his challenge upon a phrase in a report from a consulting psychologist, Dr. Steven N. Kanakis. After examining the plaintiff, Dr. Kanakis diagnosed the plaintiff as suffering from Alcohol Dependence, Severe; Opioid Dependence, Severe; Anxiolytic Dependence, Severe; and Panic Disorder without Agoraphobia (Tr. 190). In his Summary and Recommendations, Dr. Kanakis stated, among other things,

that the plaintiff "was not believed to be at risk of suffering decompensation in a work-like setting, although he may have a difficult time maintaining a regular work schedule due to his substance abuse" (id.). Based upon this comment, the plaintiff argues that the law judge erred by failing to find that the plaintiff would have had problems maintaining a work schedule (Doc. 24, p. 11). This argument is meritless.

The comment that the plaintiff "may have a difficult time maintaining a regular work schedule" does not constitute probative evidence. Rather, it is simply speculation to say that something "may" happen. The comment merely indicates that there is a possibility of having a difficult time maintaining a regular work schedule and clearly falls short of opining a reasonable probability of such a circumstance.

Furthermore, the comment does not even state that the plaintiff may be unable to maintain a regular work schedule, but just that he may have a difficult time in doing so. Saying that an individual will have a difficult time performing a task is not the same as saying that he will be unable to perform the task. This language in the comment further underscores the uncertain and speculative nature of the pertinent phrase.

Furthermore, even assuming that the comment amounts to a mental status opinion, the law judge discounted that opinion. The law judge in his decision stated (Tr. 25):

> The Administrative Law Judge gave great weight to Dr. Kanakis' conclusions as they are consistent with his findings on exam and he had the opportunity to perform a thorough mental status examination. However, his opinion is not entitled to substantial weight because he did not have a treating relationship with the claimant.

Contrary to the plaintiff's suggestion (Doc. 24, p. 11), these two statements are not inconsistent. Instead, they indicate that the law judge was giving great weight to Dr. Kanakis's conclusions regarding the diagnoses of the plaintiff's impairments (see Tr. 190). On the other hand, he was not giving substantial weight to the opinions stated in the Summary and Recommendations, which included the comment about maintaining a regular work schedule (id.).[3]

The law judge was clearly justified in discounting the comment about maintaining a work schedule. As the law judge noted, it was not made

---

[3] It is noted that the law judge made a similar distinction between conclusions and opinions with respect to another doctor (Tr. 25).

by a treating mental health expert. Moreover, as previously explained, the comment was clearly speculative and did not rise to the level of probative evidence. Significantly, the plaintiff has not pointed to any evidence in the record which supports the work schedule comment (Doc. 24, pp. 11-12), and, in my review of the record, I saw no supporting evidence. In fact, the plaintiff in his testimony at the administrative hearing did not state any functional limitation due to an inability to maintain a regular work schedule.[4]

Under these circumstances, the law judge's determination to discount Dr. Kanakis's opinions was reasonable and supported by the absence of probative evidence. Certainly, the evidence did not compel a contrary conclusion. Adefemi v. Ashcroft, supra.

In all events, the comment upon which the plaintiff relies is self-defeating. The comment, again, is that the plaintiff "may have a difficult time

---

[4]It is noted that the plaintiff filed with the Appeals Council a memorandum challenging the law judge's decision. That memorandum – which concededly was filed by a non-attorney representative – did not even hint at the arguments made here by the plaintiff (Tr. 11-14). While the plaintiff was not required to raise his present arguments before the Appeals Council, Sims v. Apfel, 530 U.S. 103 (2000), the failure to do so underscores the weakness of the present contentions.

maintaining a regular work schedule <u>due to his substance abuse</u>" (Tr. 190)(emphasis added).

The Social Security Act provides that "[a]n individual shall not be considered to be disabled for purposes of this subchapter, if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. 423(d)(2)(C), 1382c(a)(3)(J). In other words, the Act "preclude[s] the award of benefits when alcoholism or drug addiction is determined to be a contributing factor material to the determination that a claimant is disabled." <u>Doughty</u> v. <u>Apfel</u>, 245 F.3d 1274, 1275 (11th Cir. 2001).

Dr. Kanakis's opinion here is that, if the plaintiff has a problem maintaining a regular work schedule, it is "due to his substance abuse." However, since a limitation of an inability to maintain a regular work schedule would be due to alcoholism or drug addiction, that limitation cannot play a material role in a finding of disability.

For these reasons, the law judge did not err by failing to find that the plaintiff would have problems maintaining a regular work schedule. As indicated, the evidence does not compel such a finding. Moreover, any such

incapacity would be due to alcoholism or drug addiction, and therefore could not be a basis for a finding of disability.

This conclusion, furthermore, defeats the plaintiff's second contention. In that contention, the plaintiff argues that the hypothetical questions to the vocational expert were flawed because they did not include any limitations with respect to being able to maintain regular attendance (Doc. 24, p. 12). The hypothetical questions, however, did not have to include any such limitations because the law judge found that the plaintiff did not suffer from those limitations. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

The plaintiff's final argument is that the law judge erred in failing to analyze whether alcohol or substance abuse was a material contributing factor to the plaintiff's limitations. However, such an analysis is required only after the law judge concludes that the plaintiff is disabled and also has an alcohol or drug problem. See Doughty v. Apfel, supra, 245 F.3d at 1279. In this case, the law judge did not find the plaintiff to be disabled. Consequently, no analysis was required with respect to the plaintiff's polysubstance abuse.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 3rd day of March, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE